

FILED

01/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0743

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0743

MICHAEL JOHN WESTWOLF,

Petitioner,

v.

DON BELL, SHERIFF,
LAKE COUNTY DETENTION CENTER,

Respondent.

ORDER

FILED

JAN 0 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Michael John Westwolf has filed a Petition for Writ of Habeas Corpus, stating his sentence is longer than the law allows, making his incarceration illegal. He requests release from the Lake County Detention Center in order "to address treatment needs on [his] own."

The Petition includes a partial copy of Westwolf's sentencing judgments, and the Court has secured a complete copy to facilitate review. On December 12, 2022, the Lake County District Court accepted Westwolf's plea of guilty to felony partner or family member assault, pursuant to a plea agreement, and in exchange for the State's agreement to dismiss a felony burglary charge. The court committed Westwolf to the DOC for a term of five years with all but 180 days suspended, and ordered:

> The Defendant is given credit for 180 days *in either jail time served and in the successful completion of inpatient treatment.* Defendant shall have no unwanted contact with wife. Defendant shall attend and successfully complete 40 hours of the Safe Harbor Batterer's Prevention Program. [(Emphasis added.)]

The court also imposed terms and conditions for the suspended portion of the sentence.

On December 7, 2023, the court revoked Westwolf's suspended sentence and reimposed the commitment to the DOC for a term of five years, "with a recommendation for mental health, grief, power and control, and chemical dependency treatment/counseling." The court repeated, as the first condition: "The Defendant is given

credit for 180 days *in either jail time served and in the successful completion of inpatient treatment.*" (Emphasis added.) Westwolf offers that, while he remains in the Lake County Detention Center, he will be sent to NEXUS and pre-release, and then into a sober living facility. He contends these placements contradict his sentencing judgment.

The procedural posture of this matter leaves us unable to act on the merits at this time, for several reasons. The "either and" statement in the judgment makes it facially unclear to us, without further explanation, whether Westwolf is to receive 180 days of credit for previous time in jail or if he were to complete inpatient treatment. Habeas corpus relief is not available to challenge "an order revoking a suspended or deferred sentence," § 46-22-101(2), MCA, but Westwolf's case is still within the 60-day appeal window. Westwolf could prepare, file, and serve a Notice of Appeal along with a Motion to Appoint Counsel, and has until February 5, 2024, to do so. M. R. App. P. 4(5)(b)(i).[1] Therefore,

IT IS ORDERED that Westwolf's Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Michael John Westwolf along with a copy of this Court's Appellate Handbook.

DATED this 9th day of January, 2024.

_____

_____

---

[1] Further, if the sentence contains a nonconformity that could be remedied under § 46-18-116(2), MCA, Westwolf's case is still within the 120-day window to seek relief under that provision. A "factually erroneous" sentence that does not render the sentence illegal may be corrected at any time. Section 46-18-116(3), MCA.

2

_____

_____

_____
Justices

3